IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH G. MONTGOMERY, d/b/a MONTGOMERY'S TRANSPORTATION INC., <br><br> Plaintiff, <br><br> vs. <br><br> KA BULK TRANSPORT, LLC, d/b/a KLEMM TANK LINES, <br><br> Defendant. | Case No. 3:23-cv-2806-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is *pro se* Plaintiff's Motion to Remand (Doc. 7) ("Motion"). Defendant, KA Bulk Transport, LLC d/b/a Klemm Tank Lines ("KA Bulk"), filed a Response (Doc. 14) to the Motion. As explained below, the Court **GRANTS** the Motion for lack of subject matter jurisdiction. All other pending motions are **DENIED as moot**.

This case was initially filed in the Circuit Court of Madison County, Illinois. (Doc. 1-1, pgs. 2-5). The summons in that Circuit Court listed Christopher Childs and KA Bulk as Defendants in the caption. (Doc. 1-1, pg. 2). Childs was also listed as the registered agent of KA Bulk, which has a common address in Wood River, Illinois. (Doc. 1-1, pg. 2).

Further, the Complaint, which named Childs and KA Bulk as Defendants in the caption, was entitled "breach of contract as tort." (Doc. 1-1, pg. 4). Plaintiff alleged he entered an Independent Contractor Service Contract with KA Bulk, which was attached to the Complaint as Exhibit A. (Doc. 1-1, pgs. 4, 6-11). However, "upon completion of

interview [Plaintiff] was informed by Klemm Tank Lines Manager Mr[.] Childs that the original equipment provided…was outside Klemm Tank Lines Specification." (Doc. 1-1, pg. 4). Childs also allegedly classified Plaintiff "as a company driver rather than [an] independent contractor during th[e] training period," which negatively offset Plaintiff's pay. (Doc. 1-1, pg. 4). Plaintiff allegedly elected to "upgrade equipment" prior to the end of the training period. (Doc. 1-1, pg. 4). Childs allegedly terminated the parties' written contract in 2018, disregarded its arbitration provisions, "provided misguided information" to the Wood River police department, and "misguided" the Circuit Court of Madison County in relation to Plaintiff's wrongful felony conviction. (Doc. 1-1, pg. 4).

The case was removed on August 15, 2023. The Notice of Removal indicated "the Complaint makes clear that the Defendant in this action is 'KA Bulk Transport LLC,' or Klemm." (Doc. 1, pg. 1). Further, the Notice of Removal states, "Plaintiff served Klemm by sending copies of the Summons, Complaint, and Exhibits to Christopher Childs, who is incorrectly listed on the Summons as Klemm's Registered Agent," instead of its manager, at KA Bulk's common address. (Doc. 1, pg. 2). Service was effected by a lieutenant of the Madison County Sheriff's Department on July 13, 2023. (Doc. 1-1, pg. 2). The removal is based on complete diversity of citizenship and a controversy of over $75,000, minus interest and costs, under 28 U.S.C. § 1332(a)(1). (Doc. 1, pg. 2). Plaintiff, as a dissolved corporation registered in Illinois, is allegedly a citizen of Illinois, and KA Bulk, as a Delaware LLC with its sole member being a Delaware corporation with its headquarters in Ohio, is allegedly a citizen of Delaware and Ohio. (Docs. 1, pgs. 2-3; 1-2).

On August 21, 2023, Plaintiff filed the Motion, which again lists Childs and KA Bulk as Defendants in the caption.[1] Plaintiff states there is no federal question or diversity of citizenship. (Doc. 7, pg. 1). Plaintiff alleges, *inter alia*, "Chris Childs…along unindicted co defendant(s) Karen Thompson was and are citizen[s] of Illinois." (Doc. 7, pg. 1).[2]

In Response, KA Bulk acknowledges Plaintiff's argument that the parties lack complete diversity. (Doc. 14, pg. 1). However, KA Bulk argues, among other things, the "Complaint makes clear that Childs is not a defendant and was not served as a defendant, but rather was alleged…to be Klemm's 'agent' with regard to claimed violations of the Contract." (Doc. 7, pgs. 1-2). KA Bulk notes there is no "and" separating Childs and KA Bulk in the caption of Plaintiff's filings, the Complaint does not separate independent causes of action, and Childs was not individually served as a Defendant in the case. (Doc. 7, pg. 4). KA Bulk goes so far as to suggest, under the fraudulent joinder doctrine, Plaintiff is attempting to "recast" Childs as a non-diverse Defendant. (Doc. 7, pgs. 2, 5).

Long ago, the Supreme Court found as follows on the issue now before the Court:

> [T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. [Citations]. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand[,] there is no diversity of citizenship, and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove. [Citations].

---

[1] Before the Court could address the Motion, which is vital to the case in that it questions subject matter jurisdiction, the parties filed other motions, including KA Bulk's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 12), Plaintiff's Motion to Amend the Complaint (Doc. 19), Plaintiff's Motion for Summary Judgment (Doc. 21), and KA Bulk's Motion for a Status Conference (Doc. 26).

[2] As best the Court can glean from the record, this is the first reference to Karen Thompson.

*Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

*Pullman* remains viable today. *See Campbell v. Electrolux Prof. N. Am.*, No. 21-cv-1423, 2022 WL 707136, *3 n. 6 (S.D. Ill. Feb. 11, 2022). Indeed, this Court recently discussed *Pullman* and noted, "when determining diversity jurisdiction, '[t]here is no question that the citizenship of all defendants, regardless of service, must be considered.' " *See Campbell*, 2022 WL 707136, *3 (quoting *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 12-md-2385, 2013 WL 656822, *3 (S.D. Ill. Feb. 22, 2013)). Accordingly, a case is removable based on diversity jurisdiction only if there is complete diversity *of all named parties*, which is "assessed 'both at the time of the original filing in state court *and* at the time of removal.' " *See Johnson v. Ulta, Inc.*, No. 22-cv-240, 2023 WL 4759218, *3 (N.D. Ind. July 26, 2023) (quoting *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Pullman Co.*, 305 U.S. at 541) (Emphasis in original.); *see also In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) ("[W]hen determining whether complete diversity exists, a court looks to the parties named in the action: 'A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant….[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.' "); *Woods v. Ross Dress for Less, Inc.*, 685 F.3d 775, 777 (10th Cir. 2021) ("Whether a defendant has been served is not relevant to whether the complete-diversity requirement is satisfied."); *Chappell v. SCA Servs., Inc.*, 540 F. Supp. 1087, 1090 (C.D. Ill. 1982) ("The fact that service has not yet been made on the resident defendant is

4

insufficient to allow his citizenship to be disregarded."); *Armstrong v. Monex Intern., Ltd.*, 413 F. Supp. 567, 570 (N.D. Ill. 1976) ("[A]n unserved resident defendant in a non-separable controversy cannot be disregarded for purposes of removal."); 16 James W. Moore *et al.*, *Moore's Federal Practice* § 107.521, at 107-77 to 107-78 (3d ed. 2022) ("[T]he law seems to be settled that whether defendants have been served is irrelevant; diversity for purposes of removal is based on the citizenship of all parties named in the complaint.").

Here, the Court finds Childs, who is allegedly a citizen of Illinois, has at all times been named as a Defendant in this case, such that the Court is divested of diversity jurisdiction. *See Johnson*, 2023 WL 4759218, *3. Despite KA Bulk's arguments to the contrary, Childs is listed as a Defendant in the captions of both the summons and the Complaint. (Doc. 1-1, pgs. 2, 4). Notable, too, is the fact that the Complaint, while a bit unartful, alleges specific conduct by Childs that appears to be independent of the conduct alleged in his capacity as manager of KA Bulk, including that he "provided misguided information" to the Wood River police department and "misguided" the Circuit Court of Madison County in relation to Plaintiff's wrongful felony conviction. (Doc. 1-1, pg. 4).

Further, KA Bulk concedes Childs accepted service on its behalf but argues he was not served personally, meaning he cannot be considered a Defendant in this case. (Docs. 1, pg. 2; 7, pgs. 1-2, 4). Even if this is true, the above authorities make plain that service is irrelevant to the assessment of the named defendants' citizenship for purposes of diversity jurisdiction. *See Pullman Co.*, 305 U.S. at 541; *Campbell*, 2022 WL 707136, *3. Finally, KA Bulk points to no evidence of record that evinces Plaintiff, a *pro se* litigant, fraudulently joined Childs as a Defendant when drafting the Complaint. Again, Plaintiff

does not "recast" or "new[ly] characterize[e]" Childs as a Defendant for purposes of the Motion; Childs is named as such in the summons and the Complaint. (Doc. 14, pg. 5).

As an aside, the Court notes the forum defendant rule, which is nonjurisdictional, is not implicated absent diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2); *Johnson*, 2023 WL 4759218, *4 ("The forum defendant rule is an additional, statutory limit on removability of a case otherwise within the federal court's original jurisdiction."); *Campbell*, 2022 WL 707136, *3 (stating the forum defendant rule speaks to removability and not to initial determinations of citizenship in the diversity jurisdiction assessment). Likewise, the case does not involve the joinder of federal and state law claims under § 1441(c), and the above references to "non-separable" controversies relate to prior versions of that statutory provision. In any event, the bottom line here is that the Court lacks diversity jurisdiction.

For these reasons, the Court **GRANTS** the Motion for lack of subject matter jurisdiction and **REMANDS** the case to the Circuit Court of Madison County, Illinois. All other motions pending are **DENIED as moot** and all deadlines and hearings are **CANCELLED**. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Memorandum & Order to the Circuit Clerk of that state court and to close this case.

**SO ORDERED.**

Dated: October 26, 2023

                                                         s/ *David W. Dugan*
                                                         DAVID W. DUGAN
                                                         United States District Judge